# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DALONNO JOHNSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 17 C 7828 ) |
| SOO LINE RAILROAD COMPANY d/b/a CANADIAN PACIFIC RAILROAD, | ) Judge John J. Tharp, Jr. ) ) ) |
| Defendant. | ) ) |

## ORDER

For the reasons set forth in the Statement below, the defendant's motion to dismiss [19] is denied.

## STATEMENT

Plaintiff Dalonno Johnson was formerly employed by Defendant Soo Line Railroad Company ("Soo Line"). Compl. ¶¶ 5, 13, ECF No. 11. He alleges that while working in the company's Signal Department, he was a victim of racial discrimination and harassment and was forced to work in a hostile environment, leading to his wrongful termination. *Id.* ¶ 13. Soo Line responded by filing a Rule 12(b)(6) motion to dismiss Johnson's complaint on the ground that it was time-barred. Soo Line's motion is denied.

Johnson alleges that he was subjected to "ongoing racial discrimination and harassment" while working at Soo Line, which began on or about May 1, 2013, and culminated in his wrongful termination seven months later. *Id.* ¶¶ 6, 13. On September 29, 2014, Johnson filed a charge with the Equal Employment Opportunity Commission (EEOC), alleging violations of Title VII of the Civil Rights Act of 1964. Pl.'s Resp. in Opp'n to Def.'s Mot. to Dismiss 1, ECF No. 26. Johnson received two right-to-sue notices from the EEOC, the first on May 26, 2016, and the second on or about January 24, 2017. Compl. ¶ 8(b); Pl.'s Resp. in Opp'n to Def.'s Mot. to Dismiss 2. In August 2016, Johnson filed his first lawsuit in this Court, which this Court dismissed without prejudice on October 19, 2017, for lack of service of process. Min. Entry 1, *Johnson v. Canadian Pac. R.R.*, No. 16-cv-8200 (N.D. Ill. Oct. 19, 2017), ECF No. 18. Shortly thereafter, on October 31, 2017, Johnson filed this lawsuit. In his complaint, he checked boxes asserting claims for discrimination on the basis of color, race, and national origin. Compl. ¶ 9. Those boxes indicated that these claims were being brought under Title VII and 42 U.S.C. § 1981. *Id.* Soo Line responded by filing this motion to dismiss.

In its motion to dismiss, Soo Line's sole line of argument is that Johnson's complaint is time-barred. Soo Line offers two reasons for this conclusion: (1) that Johnson failed to timely file a discrimination charge with the EEOC, and (2) that Johnson's suit in federal court was untimely.

Def.'s Mem. of Law in Supp. of Its Mot. to Dismiss Pl.'s Compl. 5-9, ECF No. 21. In making these arguments, however, Soo Line has focused exclusively on Title VII. Soo Line has failed to address at all whether Johnson has stated a claim for relief under 42 U.S.C. § 1981 or whether his claim is timely under that statute. Johnson was not required to invoke § 1981 expressly in filing his complaint, *Miranda v. County of Lake*, 900 F.3d 335, 345 (7th Cir. 2018) ("[C]omplaints need not plead legal theories.") (citation omitted)—but he did. *See* Compl. ¶ 9(b), (d), (e). Nevertheless, in asserting its affirmative defense that the complaint is time-barred, Soo Line has simply ignored the question whether Johnson's claim is timely under a statute other than Title VII.

Claims against private parties under § 1981 that arise from events that take place after the formation of an employment contract—as Johnson's does—are subject to a four-year statute of limitations.[1] *See Dandy v. United Parcel Serv., Inc.*, 388 F.3d 263, 269 (7th Cir. 2004). And, unlike Title VII, § 1981 has no exhaustion requirement, so there is no requirement for a plaintiff to file an EEOC charge before pursuing a § 1981 claim in federal court. *Tyson v. Gannett Co., Inc.*, 538 F.3d 781, 783 (7th Cir. 2008); *Fane v. Locke Reynolds, LLP*, 480 F.3d 534, 539 (7th Cir. 2007); *Walker v. Abbott Labs.*, 340 F.3d 471, 474 (7th Cir. 2003) ("Unlike Title VII, § 1981 does not require the filing of an EEOC charge before bringing an action in a federal court.").

Johnson states a plausible and timely claim for relief under § 1981.[2] He alleges that he was discriminated against on the basis of race, color, and national origin. *See* Compl. ¶ 9. He alleges that this discrimination began on or around May 1, 2013, and continued until his termination. *Id.* ¶¶ 6, 13. Soo Line acknowledges that Johnson's employment with the company was terminated on December 2, 2013. Def.'s Mem. of Law in Supp. of Its Mot. to Dismiss Pl.'s Compl. 1. Johnson filed this complaint on October 31, 2017. At a minimum, then, this Court may review evidence taking place after October 31, 2013, for the purposes of evaluating Johnson's § 1981 claim.

---

[1] The limitations period may differ when a claim arising from the rights conferred by § 1981 is pressed against governmental entities and actors. Such claims must be asserted under § 1983, which is normally subject to a two-year statute of limitations in Illinois. There is an open question in this Circuit as to whether the limitations period for a § 1983 claim asserting rights provided by § 1981 is subject to the limitations period applicable to § 1983 generally or the limitations period applicable to other claims based on § 1981. *See Campbell v. Forest Pres. Dist. of Cook Cty., Ill.*, 752 F.3d 665, 668 (7th Cir. 2014); *Nitch v. Ester*, No. 16-CV-6033, 2017 WL 4650878, at *5-7 (N.D. Ill. Oct. 17, 2017).

[2] To overcome a Rule 12(b)(6) motion, "a complaint must 'state a claim to relief that is plausible on its face.'" *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This Court must accept as true all factual allegations in the complaint and draw all permissible inferences in Johnson's favor. *W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016) (citing *Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 639 (7th Cir. 2015)). *See generally Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027-28 (7th Cir. 2013) (discussing pleading standards for *pro se* discrimination claims).

Because Johnson alleges that there was ongoing discrimination between October 31, 2013, and his termination on December 2, 2013, his § 1981 claim is not barred by the statute of limitations.

In addition, if a plaintiff alleges continuing violations that "constitute a pattern and practice of discrimination," the Court "may look outside of the relevant time period." *Dandy*, 388 F.3d at 270 (citing *Hardin v. S.C. Johnson & Son, Inc.*, 167 F.3d 340, 344 (7th Cir. 1999)). Under this "continuing violation doctrine," which applies to both Title VII and § 1981 claims, a court may consider "the entire scope of a hostile work environment claim, including behavior alleged outside the statutory time period," as long as "an act contributing to that hostile environment takes place within the statutory time period." *Id.* (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 105 (2002)) (internal quotation marks omitted). Johnson has alleged that he was subjected to seven months of ongoing discrimination within a hostile work environment. Compl. ¶ 13. If one act contributing to that hostile environment took place after October 31, 2013, this Court would be permitted to consider the entire scope of that claim, including behavior taking place before that date.

As for Title VII, it appears likely that Soo Line's argument is valid. Title VII requires a plaintiff to file suit within ninety days of the date the EEOC gives notice of his right to sue. 42 U.S.C. § 2003e-5(f)(1). This ninety-day filing period commences when the plaintiff or his attorney receives actual notice of his right to sue. *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 850 (7th Cir. 2001). In this case, Johnson received two right-to-sue notices from the EEOC. He acknowledges that he received the first of these notices on May 26, 2016, *see* Compl. ¶ 8(b), and that he received the second one on or about January 24, 2017. Pl.'s Resp. in Opp'n to Def.'s Mot. to Dismiss 2. Thus, even using the latest possible date as a frame of reference, Johnson's Title VII claim would appear to be untimely. Johnson did not file his complaint in this case until roughly nine months after he admits to having received the second right-to-sue notice. This time period far exceeds the ninety days provided by the statute.

Johnson points to his first lawsuit in this Court, arguing in effect that because his first suit was timely, this one is as well. *See id.* It is unlikely, however, that Johnson's complaint in this suit relates back to the date of filing of his previous suit. As the Seventh Circuit has made clear, when a "federal civil action is dismissed without prejudice, the statute of limitations runs continuously." *Lee v. Cook County, Ill.*, 635 F.3d 969, 971 (7th Cir. 2011). In other words, when "a suit is dismissed without prejudice, the statute of limitations is deemed unaffected by the filing of the suit, so that if the statute of limitations has run the dismissal is effectively with prejudice." *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000). In the present case, the Court dismissed Johnson's first lawsuit without prejudice on October 19, 2017. The story would be different, for example, had the Court dismissed only the complaint rather than the entire case, leaving the matter pending. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1025-26 (7th Cir. 2013). But here the Court dismissed the entire case. For this reason, the statute of limitations for Johnson's Title VII claims is unaffected by the filing of his first suit in this Court.

The Court need not resolve the Title VII issue today, however. A motion to dismiss should be granted only when the facts in the complaint, taken as true, do not state a plausible claim under any recognized legal theory. *Volling v. Antioch Rescue Squad*, 999 F. Supp. 2d 991, 996 (N.D. Ill. 2013); *see also Richards v. Mitcheff*, 696 F.3d 635, 638 (7th Cir. 2012). Even if the facts as alleged, taken as true, do not state a plausible claim under Title VII, they do state a plausible claim under

§ 1981. Soo Line has not even attempted to argue that Johnson has failed to state a claim under § 1981 or that his complaints are time-barred under that statute. Accordingly, Soo Line's motion to dismiss is denied.

Dated: September 25, 2018

John J. Tharp, Jr.
United States District Judge