UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DALONNO JOHNSON, | ) |
| Plaintiff, | ) Case No. 17 C 7828 ) ) District Judge Mary M. Rowland |
| v. | ) ) Magistrate Judge Gabriel A. Fuentes |
| SOO LINE RAILROAD CO., | ) ) |
| Defendant. | ) |

## ORDER

Defendant Soo Line Railroad Co. ("Defendant") filed Motion To Compel, upon which this Court ruled on August 27, 2019, by granting the motion in part. (D.E. 82.) For current purposes, the Court's Order compelled Plaintiff Dalonno Johnson ("Plaintiff") to do the following by September 27, 2019:

- Supplement his response to Interrogatory No. 10 by identifying all complaints, claims, investigations, proceedings (including bankruptcy proceedings), arbitrations, grievances, or charges with any court, arbitrator, administrative or governmental agency, and as to which Plaintiff was a party, dating back to January 1, 2008;

- Supplement his response to Interrogatory No. 13 by identifying medical providers with whom Plaintiff consulted or from whom he sought counseling or treatment of any kind, dating back to January 1, 2008;[1]

- Supplement his response to Interrogatory No. 19 by identifying (by name, address, and telephone number) all of his employers, and identifying his dates of employment, job title(s), job duties and responsibilities, compensation, supervisor and reason(s) for leaving, dating back to January 1, 2008; and

- Provide the foregoing supplemental interrogatory responses under oath, as required by Rule 33(b)(3).

---

[1] In an effort to provide Plaintiff with assurances as to the confidential treatment of any produced medical records, the Court entered a protective order on September 30, 2019. (D.E. 91.)

On November 14, 2019, Judge Rowland was informed at a status hearing that Plaintiff was not providing discovery by not giving Defendant certain medical authorization releases to allow providers he had so far identified to release medical records to Defendant under subpoena. Judge Rowland entered an order compelling Plaintiff to provide the authorizations immediately, as in no later than November 15, 2019, with the records to be treated as attorneys' eyes only. (D.E. 96.) Judge Rowland's order also provided for this Court to continue to supervise discovery and discovery compliance. (*Id.*) This Court ordered a prompt status hearing for November 21, 2019, to discuss discovery compliance issues. (D.E. 97.) Defendant then filed a motion to dismiss this matter for want of prosecution (D.E. 98) for consideration by Judge Rowland, based on matters including Plaintiff's non-compliance with orders by the magistrate judge and Judge Rowland. (*See* D.E. 82, 96.)

At the magistrate judge's status hearing on November 21, 2019:

- Plaintiff confirmed that he has not complied with Judge Rowland's November 14, 2019 order (D.E. 96) and did not seek relief from that order. Plaintiff stated that his non-compliance was related to his stated concerns that the medical authorization releases are not date-limited to after January 1, 2008, that they do not restrict access beyond Defendant's attorneys, and that Defendant has not provided certain discovery to which Plaintiff believes he is entitled. In open court, the magistrate judge construed these responses as objections to Judge Rowland's order (and not as valid reasons not to comply with that order) and overruled those objections;

- Plaintiff confirmed that in his October 22, 2019 supplemental interrogatory responses, he did not identify medical providers dating back to January 1, 2008, but said there were no such providers to identify other than those he listed in the supplemental response to Interrogatory No. 13 because he did not seek or obtain treatment during the time frame between that date and the date of treatment he sought or received from the providers he did identify in the response—yet he also confirmed that he did not verify the response under oath and did not understand Rule 33(b)(3)'s requirement of sworn interrogatory responses;

- Defendant stated that it has advised Plaintiff by email that Defendant believes Plaintiff has not complied with this Court's August 27, 2019 order (D.E. 82) in that Plaintiff's supplemental interrogatory responses to Interrogatory Nos. 10 and 19 do not provide responsive information to those respective interrogatories dating back to January 1, 2008; Plaintiff stated at the status hearing that he has no responsive information to provide for

that time frame, other than what he included in his supplemental responses, which again were not made under oath as required by Rule 33(b)(3) and as ordered by the Court;

- The Court explained to Defendant fully the meaning of Rule 33(b)(3), the oath requirement, and the need to provide sworn verifications for his October 22 interrogatory responses and any supplemental response he will be required further to make under this Order; he was further directed to 28 U.S.C. § 1746, allowing for sworn declarations or verifications to be made and executed within the United States by the following language: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)"; and

- The Court repeatedly stated that it intended to compel Plaintiff to (1) supplement his responses to Interrogatory Nos. 10, 13, and 19 under oath, and to include in his sworn supplemental responses, if applicable, an explicit statement that he does not possess responsive information dating back to January 1, 2008; (2) provide sworn verifications to his October 22 supplemental interrogatory responses and to his further supplemental responses to Interrogatory Nos. 10, 13, and 19, as compelled by this Order; and (3) provide executed medical authorization release forms to Defendant for all providers he has identified, as earlier compelled by Judge Rowland, all no later than 4 p.m. Monday, November 25, 2019. The Court then repeatedly asked Plaintiff on the record to confirm that he fully understood what the Court intended to order him to do, and Plaintiff at times said he understood, and at times said he "guess[ed]" he understood. The Court hereby finds that notwithstanding Plaintiff's at-times equivocal answers, the Court explained its intended orders fully and completely, such that there is no room for any later claim that the Court's order of today was somehow not clear or not understood.

Upon the Court having been fully advised in the premises of the status of Plaintiff's non-compliance with the magistrate judge's order of August 27 and the district judge's order of November 14, the Court hereby orders Plaintiff, no later than 4 p.m. Monday, November 25, 2019, to:

> (1) Supplement his responses to Interrogatory Nos. 10, 13, and 19 under oath, and to include in his sworn supplemental responses, if applicable, an explicit statement that he does not possess responsive information dating back to January 1, 2008;

> (2) Provide sworn verifications to his October 22 supplemental interrogatory responses and to his further supplemental responses to Interrogatory Nos. 10, 13, and 19, as compelled by this Order; and

> (3) Provide executed medical authorization release forms to Defendant for all providers he has identified, as earlier compelled by Judge Rowland.

Further, the Court, as a preliminary measure in response to Plaintiff's failure to comply with the orders dated August 27 and November 14, and per Rule 37(b)(2)(A)(iv), orders that further discovery obligations of Defendant (including an expert disclosure due December 15, 2019, the taking of any related expert deposition by January 31, 2020, and the taking of Plaintiff's deposition by the same discovery cutoff date) are stayed until further order of Court. Plaintiff's discovery obligations under this Order (and the orders dated August 27 and November 14) are not stayed.

The Court schedules a status hearing for 10:30 a.m. November 26, 2019, before the magistrate judge to discuss compliance with this Order. That status hearing will take place regardless of whether the district judge holds a hearing as scheduled on November 26, 2019. Plaintiff may appear telephonically at the magistrate judge's status on November 26, 2019. The magistrate judge and the Court retain the discretion to entertain the full range of remedies available under the Federal Rules of Civil Procedure in the event of any further noncompliance with the Court's discovery orders.

**SO ORDERED.**

ENTER:

_____
**GABRIEL A. FUENTES**
**United States Magistrate Judge**

**DATED: November 21, 2019**