`UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DALONNO JOHNSON, )<br><br>Plaintiff, )<br><br>v. )<br><br>SOO LINE RAILROAD CO., d/b/a )<br>CANADIAN PACIFIC RAILROAD, )<br><br>Defendant. ) | Case No. 17 C 7828<br><br>District Judge Mary M. Rowland<br><br>Magistrate Judge Gabriel A. Fuentes |

## ORDER

On October 31, 2017, *pro se* Plaintiff Dalonno Johnson sued Defendant Soo Line Railroad

Co. d/b/a Canadian Pacific, alleging that while he was employed in Defendant's Signal

Department, he was subjected to ongoing racial discrimination and harassment and forced to work

in a hostile environment, leading to his wrongful termination on December 2, 2013. (D.E. 30:

09/25/18 Order Denying Def.'s Mot. to Dismiss at 1.) Before the Court is Plaintiff's motion to

compel Defendant to produce documents and answer interrogatories. (D.E. 107: Plaintiff's Motion

to Compel ("Motion").) For the reasons that follow, the Court grants Plaintiff's Motion.

I.      **Background**

The Court has actively managed discovery in this matter, having held numerous status

hearings and entered multiple orders in the past eight months. Plaintiff has served only one set of

discovery requests in this case, a set of interrogatories on December 14, 2018. Defendant served a

response to the interrogatories on January 16, 2019, and then served various "supplements" to its

responses on September 11 and 17 and November 7, 12 and 18. Defendant compiled those

responses into a single verified pleading on November 25, 2019. (D.E. 113: Def.'s Resp. to Pl.'s

Mot. to Compel at 3 and Ex. B: Def.'s Combined Ans.) In his Motion, Plaintiff contends that

Defendant did not adequately respond to Interrogatory Nos. 1 through 8, 10 through 12, and 14 through 25.[1] (Mot. to Compel at 2.) Fact discovery currently closed on January 31, 2020. (D.E. 104.) Nonetheless, the Court advised Plaintiff in open court that it would allow him time to obtain any additional discovery the Court allows. Defendant likely will also need additional time for discovery because Plaintiff advised the Court by email that he physically could not appear for his compelled deposition in late January.

## II.    Local Rule 37.2

At the outset, Defendant contends that the Motion should be denied for failure to comply with Local Rule 37.2. (Def.'s Resp. at 4-6.) Local Rule 37.2 states as follows:

> To curtail undue delay and expense in the administration of justice, this court shall hereafter refuse to hear any and all motions for discovery and production of documents under Rules 26 through 37 of the Federal Rules of Civil Procedure, unless the motion includes a statement (1) that after consultation in person or by telephone and good faith attempts to resolve differences they are unable to reach an accord, or (2) counsel's attempts to engage in such consultation were unsuccessful due to no fault of counsel's.

L.R. 37.2. In his Reply brief, Plaintiff explains that he "conferred with Defendant via email and phone on multiple occasions to attempt to ask that Defendant provide specific responses to interrogatory and document requests. These emails took place from September 13 to November 18, 2019 (Exhibit A) in which both parties discussed Defendant's supplemental answers as well as setting up a teleconference to confer about the specific requests Plaintiff had." (Pl.'s Reply at 1-2.) Defendant acknowledges that its counsel exchanged emails with Plaintiff and had a telephone

---

[1] Defendant initially argues that the Court should not even consider Plaintiff's Motion because the Motion did not mention Defendant's attempts to supplement its responses to Plaintiff's interrogatories. (Def.'s Resp. at 4.) The Court will not undertake such a punitive measure here. Plaintiff, a *pro se* litigant, adequately rectified the oversight in his Reply brief, agreeing that "Defendant has supplemented some answers," but arguing that Defendant, "in doing so did not sufficiently address Plaintiff's Interrogatories." (D.E. 115: Pl.'s Reply at 1.) *See Otis v. Demarasse*, 886 F.3d 639, 644 (7th Cir. 2018) ("The Supreme Court has cautioned that any document filed *pro se* is to be liberally construed. We therefore have long recognized that *pro se* litigants must be afforded leniency on procedural matters") (internal citations and quotations omitted).

conference with Plaintiff on September 4, 2019, but Defendant argues that this does not satisfy Local Rule 37.2's requirements with regard to the Motion filed on January 8, 2020. (Def.'s Resp. at 3-5.)

The Court agrees with Defendant that Plaintiff did not meet the requirements of Local Rule 37.2 before filing the instant Motion. The plain language of Local Rule 37.2 requires more than an exchange of emails. *See BankDirect Capital Fin., LLC v. Capital Premium Fin., Inc*., 343 F. Supp. 3d 742, 743-44 (N.D. Ill. 2018) (Cole, J.) (collecting cases). In addition, the telephone conference that occurred on September 4, 2019, while it may have included a good faith attempt to resolve the parties' differences over the response to interrogatories Defendant filed on January 16, 2019, it obviously could not have included an attempt to resolve issues that remained after Defendant filed supplemental answers on September 11 and 17 and November 7, 12 and 18.

Nevertheless, "the decision whether to apply the rule strictly or to overlook any transgression is one left to the district court's discretion." *Stevo v. Frasor*, 662 F.3d 880, 887 (7th Cir. 2011) (quoting *Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir. 1995)). "Managing the discovery process is the district court's business. The district court is in the best position to decide the proper scope of discovery and to settle any discovery disputes." *Wanko v. Bd. of Trs. of Indiana Univ.*, 927 F.3d 966, 969 (7th Cir. 2019) (internal citations and quotations omitted).

Here, the lack of an adequate meet and confer does not independently justify denying the Motion. The federal rules are to be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. "The point of requiring a good faith attempt to resolve discovery disputes before the filing of a motion to compel is to curtail undue delay and expense in the administration of justice." *In re Fluidmaster, Inc., Water Connector Components Prod. Liab. Litig.*, No. 14 C 5696,

2018 WL 505089, at *3 (N.D. Ill. Jan. 22, 2018) (internal citations and quotations omitted) (Gilbert, J.). As such, where compliance with Local Rule 37.2 "would have been futile [--] *i.e.*, if judicial intervention in the discovery dispute was unavoidable" -- non-compliance with the Local Rule may appropriately be excused. *Munive v. Town of Cicero*, No. 12 C 5481, 2016 WL 8673072, at *1 (N.D. Ill. Oct. 14, 2016) (Schenkier, J.), report and recommendation adopted *sub nom. Colon v. Town of Cicero*, No. 12 C 5481, 2017 WL 164377 (N.D. Ill. Jan. 17, 2017) (Alonso, J.).

In short, the Court finds that judicial intervention in this dispute over whether Defendant adequately answered Plaintiff's interrogatories was unavoidable, and denying the Motion for failure to comply with Local Rule 37.2 would not be "a good use of the parties' or the Court's time and resources." *Fluidmaster*, 2018 WL 505089, at *3.

## III. Adequacy of Defendant's Interrogatory Responses

The Court now turns to the substance of Plaintiff's Motion, that Defendant did not adequately answer his interrogatories. "If the discovery appears relevant, the party objecting to the discovery request bears the burden of showing why that request is improper." *Eternity Mart, Inc. v. Nature's Sources, LLC*, No. 19 C 2436, 2019 WL 6052366, at *2 (N.D. Ill. Nov. 15, 2019) (Harjani, J.). "The grounds for objecting to an interrogatory must be stated with specificity." Fed. R. Civ. P. 33(b)(4). Here, Defendant contends the Motion should be denied because its "objections are timely, valid, and permissible," and it answered Plaintiff's interrogatories "sufficiently by producing emails and other documents pursuant to FRCP 33(d)" from which Plaintiff could "ascertain" the answers to his interrogatories. (Def.'s Resp. at 2, 6-7.) The Court disagrees.

4

### A.    Similarly Situated Employees

In Interrogatory Nos. 6 and 21 through 24, Plaintiff sought information related to formal claims and informal complaints of racial discrimination or hostile work environment made by other employees of Defendant, including information related to eight specific employees. These interrogatories are relevant to the issue of whether similarly situated employees who were not members of Plaintiff's protected class were treated more favorably. *See McDaniel v. Progress Rail Locomotive, Inc.*, 940 F.3d 360, 368 (7th Cir. 2019) (to present evidence that an employer engaged in an adverse employment action based on a plaintiff's race, plaintiffs frequently use the *McDonnell Douglas* burden-shifting framework, in which the plaintiff must present evidence that (1) he is a member of a protected class, (2) he was meeting the defendant's legitimate expectations, (3) he suffered an adverse employment action, and (4) similarly situated employees who were not members of his protected class were treated more favorably).

In its original and supplemental answers to Plaintiff's interrogatories, however, Defendant objected that these interrogatories sought "irrelevant information," were "overbroad, unduly burdensome, vague and ambiguous," and sought "confidential, personal and personnel-related information of non-parties," or "information protected by the attorney-client privilege, work product doctrine, or other applicable privilege or protection." (Def.'s Combined Ans. at 29-35.) Defendant then unilaterally limited the scope of these interrogatories and answered that it was not aware of "racial discrimination/harassment charges or complaints filed in a time period two (2) years prior to [Plaintiff's] taking on the signalman position in 2013 for other persons in the same position (signalmen) in the same location in which [Plaintiff] worked in such position (North Dakota) through the end of [Plaintiff's] employment" with Defendant. (*Id.* at 30-31.) In addition, Defendant only provided specific information on three of the eight employees Plaintiff referenced.

5

Defendant's answers and objections are insufficient. First, general blanket objections such as those asserted by Defendant lack the specificity required by Rule 33 and are plainly disfavored. *See, e.g.*, *BankDirect Capital Fin., LLC v. Capital Premium Fin., Inc.*, No. 15 C 10340, 2017 WL 5890923, at *2 (N.D. Ill. Nov. 29, 2017) ("General objections are tantamount to not making any objection at all") (internal citations and quotations omitted) (Cole., J.). Second, it was improper for Defendant to unilaterally narrow the scope of Plaintiff's interrogatories. "Because the purpose of discovery is to help define and clarify the issues, relevance is to be construed broadly. If relevance is in doubt, courts should err on the side of permissive discovery." *John Doe v. Loyola Univ. Chicago*, No. 18 C 7335, 2020 WL 406771, at *2 (N.D. Ill. Jan. 24, 2020) (internal citations and quotations omitted) (Gilbert, J.). This Court will not approve Defendant's very narrow construction of relevance without additional explanation.

The information Plaintiff seeks with these interrogatories is relevant. "In the employment discrimination context, the requirement to find a similarly situated comparator is really just the same requirement that any case demands—the requirement to submit relevant evidence. Whether a comparator is similarly situated is typically a question for the fact finder, unless, of course, the plaintiff has no evidence from which a reasonable fact finder could conclude that the plaintiff met his burden on this issue." *McDaniel*, 940 F.3d at 369 (internal quotations and citations omitted). Defendant's answers fail to include "detail of the employees' qualifications or employment history that would allow this Court to comfortably conclude their hiring was the result of discriminatory motive rather than some other explanatory variable." *Id.* (internal quotations and citations omitted).

Interrogatory No. 6, which requested information on a "side letter agreement dated January 31, 2013," was also tailored to seek information on Plaintiff's comparators. Although Defendant produced this letter, it inexplicably refused to "represent[] . . . the nature, type and scope of the

documentation itself." (Def.'s Combined Ans. at 12.) However, Plaintiff's interrogatory requested additional details. (*Id*. at 11-12.) Plaintiff explained in his Motion that the additional information he sought included "a list of furloughed conductor employees that were hired into the signal department with the company via the January 2013 sideletter" and an explanation of "which of these employees ultimately returned to their conductor positions with the company and the dates when they returned." (Motion at 2-3.) This information is relevant to whether similarly situated employees who were not members of the protected class were treated differently.

Courts may "take appropriate measures to permit the adjudication of *pro se* claims on the merits," *Kiebala v. Boris*, 928 F.3d 680, 684 (7th Cir. 2019), particularly where the defendant's refusal to produce responsive discovery "hinders [the plaintiff's] ability to establish" his claim. *Gevas v. McLaughlin*, 798 F.3d 475, 486 (7th Cir. 2015) (holding that the district court erred in denying the *pro se* plaintiff's motion to compel the defendants to produce certain relevant documents because denying the plaintiff access to that information impeded his ability to establish his claims). Here, Defendant has not met its burden of showing Plaintiff's discovery requests were improper, and Defendant's failure to provide complete answers to Plaintiff's interrogatories could impede the adjudication of Plaintiff's claims on the merits. Thus, the Court grants the Motion with respect to Interrogatory Nos. 6 and 21 through 24. Defendant shall answer these interrogatories with a narrative response or provide an affirmative statement that no such information exists.

### B.    Whether Plaintiff Was Meeting Defendant's Legitimate Expectations

In Interrogatory Nos. 8 and 11 through 20, Plaintiff sought information related to his job performance and reasons for his termination, including details about complaints Defendant received, warnings Defendant gave Plaintiff, and details of meetings, investigations, or reports received or conducted by Defendant that relate to Plaintiff's work performance, salary or other

subject matter of the complaint. Like the interrogatories requesting information on Plaintiff's comparators, these interrogatories sought information on an element of proving racial discrimination: whether the plaintiff was terminated despite meeting the defendant's legitimate expectations. *See McDaniel*, 940 F.3d at 368.

In answer to these interrogatories, Defendant asserted that Plaintiff could find information responsive to his interrogatories by examining the documents Defendant produced pursuant to Federal Rule of Civil Procedure 33(d), including: (1) records from Plaintiff's personnel file (SOO_DJ000331-425); (2) documents and emails produced on November 12, 2019 pursuant to a protective order (SOO_DJ0001256-1545); (3) Plaintiff's Employee Safety Record (SOO_DJ000317-324); (4) Plaintiff's collective bargaining agreement ("CBA") (SOO_DJ000001-316); (5) the transcript and exhibits from the hearing held on January 14, 2014 (SOO_DJ000660-661, SOO_DJ000579-653); (6) the "seniority and employment forfeiture/termination letter" and documents relating to Plaintiff's absence without authority and forfeiture of seniority (no citations provided); (7) letters dated December 2, 2013 and January 30, 2014 (SOO_DJ000661, SOO_DJ000748); (8) a document identifying who was present when the letter of December 2, 2013 was read to Plaintiff by phone (SOO_DJ001469); and (9) "informal counseling received for attendance (missed call) on October 5, 2012." (Def.'s Combined Ans. at 17-29.) Defendant's response to Interrogatory Nos. 11 through 20 was inadequate.

Federal Rule of Civil Procedure 33(d) states:

> If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and *if the burden of deriving or ascertaining the answer will be substantially the same for either party*, the responding party may answer by: (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and (2) giving the interrogating party a reasonable

> opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

Fed. R. Civ. P. 33(d) (emphasis added). "[T]he reference to documents in lieu of a narrative response to Interrogatories . . . [i]s insufficient under Rule 33(d) [where] the 'burden of deriving or ascertaining the answer' would not be substantially the same for either party." *In re Jimmy John's Overtime Litig.*, No. 14 C 5509, 2016 WL 10957249, at *2 (N.D. Ill. July 28, 2016) (quoting Fed. R. Civ. P. 33(d)) (Schenkier, J.). A party may not "overuse" Rule 33(d) "in an apparent attempt to avoid providing meaningful responses" to the opposing party's interrogatories. *e360 Insight, Inc. v. Spamhaus Project*, 658 F.3d 637, 641 n.3 (7th Cir. 2011).

The Court is concerned that avoiding meaningful responses to Plaintiff's interrogatories was exactly what Defendant had in mind here. For example, with respect to Interrogatory Nos. 18 through 20 regarding what discussions and investigations were had on the subject matter of Plaintiff's complaint, Defendant referred Plaintiff generally to a nearly 300-page document production (SOO_DJ0001256-1545). Defendant did not attempt to demonstrate that Plaintiff's burden in digging through these documents was substantially equal to Defendant's burden, and the Court is skeptical that Defendant could make such a showing.

In *Jimmy John's*, Magistrate Judge Schenkier determined that the defendant was "in a superior position" to identify its own employees and the people at its franchises than the plaintiffs, former employees of Jimmy John's franchises, and therefore, ordered Jimmy John's to provide complete answers to certain interrogatories instead of relying on documents it produced or intended to produce under Rule 33(d). *Jimmy John's*, 2016 WL 10957249, at *2. In this case, the unevenness of the burden of deriving or ascertaining the answer to Plaintiff's interrogatories is even greater because Plaintiff has proceeded through discovery *pro se*. *McCaa v. Hamilton*, 893 F.3d 1027, 1031 (7th Cir. 2018) (noting *pro se* plaintiff's difficulty in conducting discovery was

evident where "[h]e did not conduct any depositions, and it appears he had some difficulty securing discovery from the defendants"); *see also Anderson v. Sposato*, No. 11 C 5663 SJF SIL, 2014 WL 4199369, at *2 (E.D.N.Y. Aug. 21, 2014) (holding that Rule 33(d) did not excuse the defendants from "providing a proper and meaningful response" to interrogatories where "it can hardly be said that the burden of ascertaining the answer from documents produced by the County defendants will be substantially the same for the incarcerated *pro se* plaintiffs as it would be for the County defendants and/or their counsel.")

In addition, the Court is not convinced that the documents Defendant cites pursuant to Rule 33(d) are fully responsive to Plaintiff's interrogatories. While records from Plaintiff's personnel file, his safety record, and his administrative hearing may provide some information as to his job performance and reasons for his termination, Plaintiff also requested information about informal complaints, reports, meetings and investigations, which may not be included in Plaintiff's official personnel file or in the hearing transcript. Defendant's response was similarly inadequate to Plaintiff's Interrogatory No. 8, which asked for details about whether Defendant maintained a performance evaluation procedure. Defendant answered that it had no "formalized" employee evaluation system and referred Plaintiff to his 300-plus page CBA. However, Plaintiff's interrogatory did not only request information on formalized or written procedures, and an adequate response to this interrogatory requires more.

Thus, the Court grants the Motion with respect to Interrogatory Nos. 8 and 11 through 20. Defendant shall answer these interrogatories with a narrative response, including evidence not demonstrated in the written record in this case, or provide an affirmative statement that no such information exists.

**C.     Facts Supporting Defendant's Defenses**

Defendant also objected to Plaintiff's Interrogatory No. 25, which asked for the facts and circumstances upon which Defendant based each one of its defenses. Defendant generally objected to this interrogatory and specifically objected that the interrogatory sought attorney work product. (Def.'s Combined Ans. at 36-37.) Contrary to Defendant's objections, "[i]nterrogatories that ask a party to state the facts supporting a claim or defense are common; they serve the salutary purpose of allowing a party to understand the factual basis for an opponent's claim in order to eliminate surprise and to provide direction in fashioning other discovery requests." *Jimmy John's*, 2016 WL 10957249, at *3. This purpose is especially important in this case because Plaintiff is *pro se*. Accordingly, the Court orders Defendant to answer this interrogatory.

**CONCLUSION**

For the foregoing reasons, the Court grants Plaintiff's Motion with respect to Interrogatory Nos. 6, 8, and 11 through 25. Defendant shall write a narrative response to each of these interrogatories on or before February 25, 2020.

**SO ORDERED.**

                                        ENTER:


                                        **GABRIEL A. FUENTES**
                                        **United States Magistrate Judge**

**DATED: February 4, 2020**