## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| DALONNO C. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17 C 7828 |
| | ) | |
| v. | ) | |
| | ) | District Judge Mary M. Rowland |
| SOO LINE RAILROAD CO., | ) | Magistrate Judge Gabriel A. Fuentes |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the magistrate judge on referral (D.E. 175) is the motion by Defendant Soo Line Railroad Co. ("Defendant") for sanctions (D.E. 173). As the briefing has proceeded, several matters warrant the magistrate judge's immediate attention, and it is HEREBY ORDERED:

1. Plaintiff is granted leave *ex post* to file his tardy supplemental response to the motion (D.E. 187), which he filed on July 28, 2020, eight days after the deadline imposed by this Court (D.E. 182.)

2. Defendant's motion to strike (D.E. 189) is granted in part and denied in part. The motion to strike is denied as to plaintiff's tardy response (D.E. 187) and granted as to the two exhibits plaintiff filed separately one day later, on July 29, 2020 (D.E. 188).

3. The Court orders the exhibits (D.E. 188) to be placed under seal immediately, as they appear to contain surreptitiously recorded conversations (a) between plaintiff and court staff; and (b) between plaintiff and opposing counsel.

4. The Court is contemplating whether the surreptitious recording of plaintiff's conversation with court staff, if it occurred, is a direct criminal contempt of court. The Court also is considering the filing of the transcripts, and any recordings that occurred, in the context of the

sanctions motion and any report the magistrate judge makes to the district judge. To aid the Court in preparing its recommendation to the district court on the contempt and sanctions issues, the Court further orders as follows:

a. Subject to subparagraph (b) below, plaintiff shall file publicly, no later than 4 p.m. Central time on August 7, 2020, a sworn affidavit, under oath and under penalty of perjury disclosing the following:

(1) the dates and times of all recordings Plaintiff has made of conversations with court staff or opposing counsel, and as to each, which if any parties to the conversation(s) consented to the recording.

(2) the location of all such recordings, which are ordered to be preserved and not destroyed.

(3) the facts and circumstances surrounding any recording of the two conversations attached as exhibits and filed with the Court on July 29, 2020, including plaintiff's awareness of the provisions of Illinois's anti-eavesdropping statute, including but not limited to 720 ILCS 5/14-2(a)(1), and any reason(s) why plaintiff recorded the conversations or believed it was appropriate to do so; and

(4) the dates and times of all recordings plaintiff has made, if any, of any court proceedings in this matter, in which the Court has extended plaintiff the courtesy of permitting him to appear by telephone instead of traveling to Chicago from Arizona, and the facts and circumstances of those recordings, including all of the information requested above in Paragraph 4(a)(2) and (3).

b. Alternatively, if plaintiff wishes to invoke his Fifth Amendment right against self-incrimination as to any or all of the provisions of Paragraph 4(a), he may do so, and

the Court may draw an adverse inference as to the sanctions aspect of these proceedings from his invocation of the Fifth Amendment. Such invocation would not be held against him in any proceeding for criminal contempt of court.

5.      Upon receipt of plaintiff's affidavit or response, if any, the Court shall consider whether to schedule a criminal contempt hearing under Federal Rule of Criminal Procedure 42(b).

6.      The courtesy, extended by the Court, of allowing plaintiff to routinely appear telephonically at his hearings in this matter is officially over. The Court will consider the issue of physical appearance versus telephonic appearance on a hearing-by-hearing basis, in accord with the Court's General Orders (No. 20-0112) entered in response to the COVID-19 public health emergency.

7.      Defendant may file a brief sur-reply in support of its motion for sanctions, of no more than five double-spaced pages, no later than 4 p.m. Central time on August 7, 2020.

**SO ORDERED.**

**ENTER:**

**GABRIEL A. FUENTES**
**United States Magistrate Judge**

**DATED: August 3, 2020**

3